**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| PRO-TECH DESIGN & MANUFACTURING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES, U.S. CUSTOMS AND BORDER PROTECTION, and RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection,<br><br>Defendants. | Court No. 26-03850 |

**COMPLAINT**

Plaintiff PRO-TECH Design & Manufacturing, Inc., by its undersigned attorneys, alleges the following:

1. Plaintiff is an importer and challenges the assessment of certain duties upon its imported merchandise.

2. Beginning in February 2025, through a series of executive orders, President Trump invoked the International Emergency Economic Powers Act ("IEEPA") as authority to impose tariffs ("IEEPA Duties") on goods imported from nearly every foreign country, including countries from which Plaintiff sources its imports.

3. Plaintiff is the importer of record of merchandise subject to the IEEPA Duties and paid the IEEPA Duties on its imported goods.

4. On February 20, 2026, the Supreme Court of the United States ("Supreme Court") held that IEEPA Duties were contrary to law, reasoning that "IEEPA does not authorize the

President to impose tariffs." *Learning Resources, Inc. v. Trump*, No. 24-1287, slip op. at 20 (U.S. Feb. 20, 2026) (affirming *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025)).[1]

5. The Supreme Court also confirmed that challenges to the IEEPA Duties fall "within the exclusive jurisdiction of" the United States Court of International Trade. *Id*. at 5. Thus, this Court has jurisdiction and authority to order remedial relief and refunds of IEEPA Duties paid by importers.

6. Plaintiff seeks a full refund from Defendants of all IEEPA Duties that Plaintiff has paid to the United States, with interest as required by law.

7. This separate action is necessary because, notwithstanding the fact that the Supreme Court has held that IEEPA Duties and the underlying executive orders are unlawful, importers, including Plaintiff, that have paid IEEPA Duties, may not be guaranteed a refund for those unlawfully collected IEEPA Duties in the absence of their own judgment from this Court.

**PARTIES**

8. Plaintiff is an importer of various goods on which IEEPA Duties were paid.

9. Defendant United States received the disputed IEEPA Duties and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i).

10. Defendant United States Customs and Border Protection ("CBP") is the United States agency that collects duties on imports. CBP collected payments made by Plaintiff of the IEEPA Duties.

11. Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity.

[1] This complaint cites to the "*Learning Resources*" slip opinion because that was the lead case at the Supreme Court for purposes of the case caption. The *Learning Resources* case itself was vacated for lack of jurisdiction, while the U.S. Court of Appeals for the Federal Circuit's ("Federal Circuit") decision in *V.O.S. Selections* was affirmed.

12. Defendants are referred to collectively in this complaint as "Defendants."

## JURISDICTION AND STANDING

13. The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1581(i). *See Learning Resources*, slip op. at 5, n.1.

14. The Court has the same powers at law and in equity as a United States district court. 28 U.S.C. § 1585. In a civil action under 28 U.S.C. § 1581, the Court can enter a money judgment against the United States and can order any other appropriate civil relief, including declaratory judgments, injunctions, orders of remand, and writs of mandamus or prohibition. 28 U.S.C. §§ 2643(a)(1), (c)(1).

15. Plaintiff has standing to sue because it is "adversely affected or aggrieved by agency action within the meaning of the APA. 5 U.S.C. § 702; 28 U.S.C. § 2631(i). IEEPA Duties imposed by Defendants adversely affected and aggrieved Plaintiff because, as importer of record, it was required to pay and did pay these unlawful duties.

16. A plaintiff must commence an action under 28 U.S.C. § 1581(i)(1)(B) "within two years after the cause of action first accrues." 28 U.S.C. § 2636(i). On February 1, 2025, President Trump issued Executive Orders that resulted in the collection of IEEPA Duties. These Orders were published in the Federal Register shortly thereafter. The instant action is filed within two years of the date that these Orders were issued and published, and also within two years in which Plaintiff first paid these IEEPA Duties.

## GENERAL PLEADINGS

### I. The IEEPA Tariff Orders

17. On February 1, 2025, President Trump issued three executive orders imposing

tariffs on imports from Canada, Mexico, and China.[2] Each executive order was premised on IEEPA authorizing the tariffs. Collectively, these are referred to in this Complaint as the "Trafficking Tariff Orders." Pursuant to these Orders, CBP assessed additional IEEPA duty upon Plaintiff's entries.

18. President Trump subsequently modified the China Trafficking Tariff Order.[3]

19. On April 2, 2025, President Trump issued Executive Order 14257, 90 Fed. Reg. 15,041 ("Reciprocal Tariff Order"), *Regulating Imports with a Reciprocal Tariff to Rectify Trade Practices that Contribute to Large and Persistent Annual United States Goods Trade Deficits*.[4] The Reciprocal Tariff Order imposed a 10% baseline tariff on nearly all imports to the United States, effective April 5, and additional "reciprocal" tariffs on 57 countries, effective April 9. *Id*. at Annex I. These higher country-specific tariffs range from 11% to 50%. *Id*.

20. President Trump subsequently modified the Reciprocal Tariff Order.[5]

21. On July 30, 2025, President Trump issued Executive Order 14323, 90 Fed. Reg. 37739, *Addressing Threats to the United States by the Government of Brazil*, imposing an

---

[2] Exec. Order No. 14194, *Imposing Duties To Address the Situation at Our Southern Border*, 90 Fed. Reg. 9,117 (Feb. 7, 2025); Exec. Order No. 14193, *Imposing Duties To Address the Flow of Illicit Drugs Across Our Northern Border*, 90 Fed. Reg. 9,113 (Feb. 7, 2025); Exec. Order No. 14195, *Imposing Duties To Address the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9,121 (Feb. 7, 2025).

[3] Exec. Order No. 14200, *Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9277 (Feb. 11, 2025); Exec. Order No. 14228, *Further Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 11,463 (Mar. 7, 2025).

[4] Exec. Order No. 14257, Regulating Imports With a Reciprocal Tariff To Rectify Trade Practices That Contribute to Large and Persistent Annual United States Goods Trade Deficits, 90 Fed. Reg. 15,041 (Apr. 7, 2025).

[5] Exec. Order No. 14259, Amendment to Reciprocal Tariffs and Updated Duties As Applied to Low-Value Imports from the People's Republic of China 90 Fed. Reg. 15,509 (Apr. 14, 2025); Exec. Order No. 14266, Modifying Reciprocal Tariff Rates To Reflect Trading-Partner Retaliation and Alignment (Apr. 9, 2025), 90 Fed. Reg. 15,625 (Apr. 15, 2025).

additional *ad valorem* duty rate of 25 percent on certain products of Brazil.

22. On August 6, 2025, President Trump issued Executive Order 14323, 90 Fed. Reg. 38701, *Addressing Threats to the United States by the Government of the Russian Federation*, imposing an additional *ad valorem* duty rate of 40 percent on certain products of India.

23. In implementing the Executive-Order-based tariff regime, Defendants directed changes to the Harmonized Tariff Schedule of the United States, requiring that goods subject to the challenged tariffs to be entered under new tariff codes.

24. On April 14, 2025, several companies filed an action in this Court challenging the legality of these tariff orders. *See V.O.S. Selections*, No. 25-cv-00066 (Dkt. 2). As discussed below, this Court held the orders were unlawful, the Federal Circuit, sitting *en banc*, affirmed, and the Supreme Court affirmed the Federal Circuit.

25. President Trump, invoking IEEPA, has issued additional executive orders imposing additional IEEPA Duties and modifying others. As explained below, IEEPA does not authorize the President to impose tariffs. By this complaint, Plaintiff challenges those orders (the "IEEPA Tariff Orders") that affect the duty rates on goods imported from countries with whom Plaintiff does business and regarding which Plaintiff has paid IEEPA Duties (thus causing Plaintiff injury), and which the Supreme Court already has held are unlawful.

## II. CBP's Implementation of the IEEPA Tariff Orders and Defendants' Commitment to Refund IEEPA Duties on Liquidated and Unliquidated Entries

26. CBP is charged with the assessment and collection of duties. 19 U.S.C. §§ 1500, 1502.

27. When goods enter the United States, CBP is responsible for assessing and collecting any tariffs, including the IEEPA Duties, on the imported goods based upon the tariff classification of the goods, according to the rates established by the Harmonized Tariff Schedule

of the United States ("HTSUS"). 19 U.S.C. §§ 1202, 1500, 1502.

28. Once the final amount of duty is determined by CBP, CBP "liquidates" the entry and notifies the importer of record as to whether the importer owes more money or is entitled to a refund. 19 U.S.C. § 1500.

29. Once liquidation has occurred, and if the liquidation is protestable, the importer of record has 180 days after liquidation to file a protest contesting the liquidation and any other CBP decisions encompassed therein. 19 U.S.C. § 1514(a).

30. This Court and the Federal Circuit have cautioned that in certain circumstances an importer may lack the legal right to recover refunds of duties for entries that have liquidated, even where the underlying legality of a tariff is later found to be unlawful. *See In re Section 301 Cases*, 524 F. Supp. 3d at 1365-66 (Ct. Int'l Trade 2021).; *Target Corp. v. United States*, 134 F.4th 1307, 1316 (Fed. Cir. 2025).

31. However, in *AGS Co. Automotive Sol. v. U.S. Customs and Border Protection, et. al.*, No.25-00255, Int'l Trade Dec. 15, 2025) ("*AGS*"), a three-judge panel of this Court confirmed the authority of this Court to reliquidate entries subject to the IEEPA duties. In a related action, the government has represented that it "will not object to the Court reliquidating any of plaintiffs' entries subject to IEEPA duties that are found to be unlawful." *Princess Awesome, LLC v. U.S. Customs and Border Protection, et. al.*, No. 25-078, ECF No. 16 at 12 n.4 (Ct. Int'l Trade May 23, 2025). In a third action, *Strato Technology Solutions, LLC v. United States et al,* No. 25-322, ECF No. 14 at 4 (Ct. Int'l Trade) the Government represented that "defendants have made very clear—both in this case and in related cases—that they will not object to the Court ordering reliquidation of plaintiffs' entries subject to the challenged IEEPA duties if such duties are found to be unlawful."

32. In *Strato Technology Solutions, LLC*, the Government also represented that "Defendants have also committed to refund any challenged duties paid by plaintiff importers if such duties are found to be unlawful once there is a final, unappealable court decision ordering refund of such duties to plaintiffs." ECF No. 16 at 9.

**III. The Supreme Court Has Held that IEEPA Duties Are Unlawful**

33. The IEEPA Tariff Orders reference IEEPA, 50 U.S.C. § 1701 *et seq*., the National Emergencies Act, 50 U.S.C. § 1601 *et seq*., section 604 of the Trade Act of 1974, as amended, 19 U.S.C. § 2483, and 3 U.S.C. § 301 for authority to impose tariffs.

34. None of these statutes authorizes the President to impose tariffs. Of these, Defendants have relied solely on the IEEPA statute to impose and collect the IEEPA Duties.

35. On May 28, 2025, a three-judge panel of this Court granted summary judgment to the plaintiffs in *V.O.S. Selections,* holding that IEEPA did not authorize assessment of IEEPA Duties. This Court permanently enjoined the government from enforcing the IEEPA Duties at issue in that case.

36. Upon appeal, the Federal Circuit stayed this Court's decision.

37. Sitting *en banc*, the Federal Circuit issued its decision on August 29, 2025, affirming this Court's decision that the IEEPA Duties are unlawful. *See V.O.S. Selections*.

38. In a separate lawsuit filed by a different group of importers, the U.S. District Court for the District of Columbia held that IEEPA does not authorize tariffs of any sort. *See Learning Re*sources. That decision was appealed to the Court of Appeals for the D.C. Circuit, but before the D.C. Circuit held argument, the United States Supreme Court granted certiorari in both *V.O.S. Selections* and *Learning Resources*.

39. The *V.O.S. Selections* and *Learning Re*sources cases were consolidated.

40. On February 20, 2026, the Supreme Court issued its opinion in both cases, holding that "IEEPA does not authorize the President to impose tariffs." *Learning Resources*, slip op. at 20.

**IV. Plaintiff Paid Preliminary IEEPA Duties**

41. Plaintiff's imports subject to IEEPA Duties entered the United States under new HTSUS codes.

42. As of the date of this Complaint, Plaintiff has paid IEEPA duties imposed by the IEEPA Tariff Orders.

**STATEMENT OF CLAIMS**

43. Plaintiff incorporates paragraphs 1- 42 above by reference.

44. In *Learning Resources*, the Supreme Court held that "IEEPA does not authorize the President to impose tariffs." *Learning Resources, Inc. v. Trump*, No. 24-1287, slip op. at 20 (U.S. Feb. 20, 2026), and therefore the challenged Tariff Orders are *ultra vires*.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court issue an order directing that:

a) CBP shall re-reliquidate with no assessment of IEEPA Duties any of Plaintiff's entries that, as of the date of the Order, have been previously liquidated with an assessment of IEEPA Duties;

b) For any of plaintiff's entries that are unliquidated as of the date of this order, CBP shall liquidate such entries with no assessment of IEEPA Duties; and

c) Defendants shall refund to Plaintiff any IEEPA Duties collected from Plaintiff, with interest as provided by law.

Respectfully submitted,

*/s/ Erik D. Smithweiss*
Erik D. Smithweiss
Joseph M. Spraragen*
Andrew T. Schutz**
Ned H. Marshak*
Jordan C. Kahn**

GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT LLP

707 Wilshire Boulevard
Suite 4150
Los Angeles, CA 90017-3720
(213) 452-0863
esmithweiss@gdlsk.com

*599 Lexington Ave., 36th Floor
New York, NY 10022
(212) 557-4000

**1201 New York Ave., NW, Ste. 650
Washington, DC 20005
(202) 783-6881

*Counsel for Plaintiff*

Dated: September 2, 2026